(C.D. 3861)

NAUMES FORWARDING SERVICE ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 26, 1969)

*Schwartz & Lidstrom* (*Barnes, Richardson & Colburn, Joseph Schwartz,* and *Peter J. Fitch* of counsel) for the plaintiffs.

*William D. Ruckelshaus,* Assistant Attorney General (*Mollie Strum* and *Robert T. Richardson,* trial attorneys), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

ROSENSTEIN, Judge: The two consolidated protests herein involve the proper tariff classification of two shipments of Pecorino Romano cheese exported from Italy by S. Albana & Co. under the "Albano Brand", and by Luigi & Guiseppe Bozzano, respectively.

The cheese was classified under item 117.67, Tariff Schedules of the United States (TSUS) as Pecorino cheese (made from sheep's milk), in original loaves, not suitable for grating, and assessed with duty thereunder at 16 per centum ad valorem. Plaintiffs claim that

the cheese is properly dutiable under item 117.65 of TSUS [1] at 12 per centum ad valorem as Pecorino cheese, in original loaves and suitable for grating.

It is not disputed that the cheese at bar is Pecorino, made from sheep's milk, and in original loaves. The sole question is whether it is suitable for grating.

Five witnesses, all of whom have been in the business of importing and selling Pecorino Romano cheese, testified on behalf of plaintiffs that the cheese at bar is known, sold and used as a grating cheese, and that the moisture content has no bearing thereon. After grating, it is sprinkled on spaghetti, soups, and the like.

No oral or documentary evidence was adduced by defendant to refute their testimony. Counsel for the government stated at the hearing that the classification of Pecorino cheese is based on its moisture content: if the Pecorino contains not more than 34 percent moisture it is classified as cheese suitable for grating; if it contains 34 percent or more moisture it is classified as cheese not suitable for grating (R.37). [2]

Subsequent to submission of the case, defendant requested to be relieved from filing a brief herein, stating that the request was being made—

> * * * in view of the record made herein and the plaintiff's [sic] claim that the imported merchandise is dutiable under item 117.65 of the Tariff Schedules of the United States, as other cheeses, and substitutes for cheese: cheeses made from sheep's milk: in original loaves and suitable for grating, which claim, we agree, is correct.

On the basis of the record herein, we find that the cheese at bar is suitable for grating within the meaning of item 117.65.

The consolidated protests are sustained and judgment will be entered accordingly.

(C.D. 3862)

---

TARIFF SCHEDULES OF THE UNITED STATES

Other cheeses, and substitutes for cheese:
Cheese made from sheep's milk:

| | | |
|---|---|---|
| 117.65 | In original loaves and suitable for grating | 12% ad val. |
| 117.67 | Pecorino, in orginal loaves, not suitable for grating | 16% ad val. |

[2] Defendant conceded at the trial that the "Aquila Brand" and "Massaia Brand" Pecorino Romano cheeses, covered by protest 67/48226 were improperly classified under item 117.67 and dutiable as claimed (R. 35–36).